Conrad Russell
vs.                    } Law No. 3717
Herbert Cavaca

April 10, 1926.

WALSH, J. This was an action on the case for negligence brought by Conrad Russell, a man well along in years, against Herbert Cavaca, the owner of a Packard touring car, to recover damages which Mr. Russell said he sustained on September 24, 1925, on Morton Avenue in the City of Newport. Testimony on the part of the plaintiff tended to show that the plaintiff was a watchman at "The Breakers," owned by Mr. Vanderbilt, and was on his way along the southerly side of Morton Avenue towards the east to his place of employment. He was walking along between the rails of the car track on the southerly side of Morton Avenue, pushing his bicycle, when the car owned by the defendant came around the corner to the east and came across the street at a high rate of speed to the southerly side of Morton Avenue, struck the plaintiff 168 feet west of Spring Street, or its continuation, and proceeded 103 feet further west before it stopped. The car was in charge of one Francis.

The testimony on the part of the defendant was that Francis took the defendant's car without the defendant's authority or consent on the night in question and that the driver Francis, and he alone, was responsible for the damage to the plaintiff.

The jury found that at the time of the accident Francis was the agent and servant of the defendant by inference from the general verdict for the plaintiff, and assessed damages

in the sum of $3500. The defendant now moves for a new trial on the usual ground, plus a ground based on newly discovered evidence. I will consider the newly discovered evidence ground first.

The affidavit filed by one Esleeck, to substantiate the argument on newly discovered evidence, sets forth that Esleeck sold a gear pump to Cavaca on the 10th of September, 1925. The witness Francis, summoned on behalf of the plaintiff, testified that on September 24th, 1925, he was using this car in Cavaca's business; that that business was an attempt to procure a gear pump for Cavaca's motor boat at some wharf in the southerly end of Newport; that the car he was driving was under suspicion by the State Police and that Cavaca had told him of that fact and had warned him to be very careful; that in accordance with his boss's instructions he did go down Spring St. to Morton Ave. The jury might well say that his deviation from the more direct route along Thames street or along some other street was in accordance with his boss's instructions to look out for the State Police and that it was not such a deviation as would constitute the operation of the car at the time of the accident a frolic of his own on the part of Francis. The affidavit discloses evidence which could have been procured, in the court's opinion, during the trial. There is ample testimony introduced on the part of the plaintiff tending to show that the claim of the plaintiff was that this man Esleeck, or some other person, at some wharf in the southerly part of Newport, was being interviewed by Francis on this night for the purpose of purchasing a gear pump. Esleeck says he sold this gear pump to the defendant on the 10th of September. The defendant didn't see fit to go on the stand and state that fact during the trial. It wasn't a surprise to the defendant. The evidence could have been procured at that time; it wasn't procured. On that ground I do not feel that the Court should pay much attention to the affidavit.

The defendant also says that the verdict is against the law, the evidence and the weight thereof. The question of agency was the big question that the defendant raised in the trial of the case. He did not dispute the facts of the occurrence; he did not dispute the injuries sustained by the plaintiff; he based his whole case upon an attempt to prove that just before and at the time of the accident, the driver of the car was on a frolic of his own and was using the defendant's car without the defendant's knowledge or consent. The proposition was left to the jury on a disputed statement of facts.

The plaintiff introduced evidence showing that the car on the day of the accident was the car of Cavaca. Cavaca admitted that on the witness stand. The plaintiff further showed evidence, through the driver of the car, as to what he was doing on that night, which, of course, was denied by the defendant and these other gentlemen whom he summoned.

It is not a question of the number of witnesses; it is a question of credibility. I can not say that the jury erred in believing the witness Francis rather than the defendant and his witnesses. I can not say that the weight of the evidence is judged by the number of witnesses. The jury found as a fact that Francis's story was substantially true. The law at this point, I don't think I need to discuss. It was gone into fully at the trial and the jury were instructed, as far as the limited knowledge of the Court permitted, on the law that applied to this case. Taking it all in all, I can not usurp the province of the jury. I can not say that the jury on a question of fact is wrong.

With that in view, that is, that the verdict of the jury for the plaintiff was a correct one, we come to the next proposition, i. e., that the damages awarded by the jury were excessive.

As I recall the testimony of the plaintiff in this case, he was confined to the hospital for a long period of time in a delirious condition as a result of this accident. The testimony was that before this accident he had never had a sick day in his life; that during his stay at the hospital he lost all control of his mental and physical functions. Dr. Sullivan, a very reputable physician of the city of Newport, testified that he had suffered very serious injuries and that the results of some of the injuries were permanent. The most important one was the injury to his head, which resulted in a loss of memory. Admitting that the actual financial loss shown was in the neighborhood of $300, I am asked to say that a verdict of $3000 to a man who received very painful injuries, involving concussion of the brain and serious injury to a leg, and confinement in a hospital for a long period of time, where he suffered physical and mental suffering culminating in a loss of memory, is excessive—such a sum as will shock the conscience of the Court. I don't think $3000 for such an injury is excessive. I don't think under the law that I can conscientiously say that the awarding of such a sum to this plaintiff would shock the conscience of the ʾCourt. I think the jury were very moderate under the circumstances.

Taking the case, then, in all its aspects, the Court feels that very substantial justice has been done as between the parties in this case; that the verdict is in accordance with the law and with a reasonable view of the evidence; that the amount of damages awarded is reasonable under the circumstances.

The defendant's motion for a new trial is denied.

For plaintiff: M. A. Sullivan.

For defendant: R. M. Dannin.